**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ANTONIO-MURLLER GENELIEN**, | |
| Plaintiff, | Civil Action No. 24-6134 (ZNQ) (TJB) |
| v. | **OPINION** |
| **VERIZON WIRELESS, *et al.*,** | |
| Defendants. | |

**QURAISHI, District Judge**

**THIS MATTER** comes before the Court upon *Pro Se* Plaintiff Antonio-Murller Genelien's ("Plaintiff") application to proceed *in forma pauperis* ("IFP"). (ECF No. 1-3.) For the reasons set forth below, Plaintiff's IFP application is **DENIED,** and the Complaint will be **DISMISSED WITH PREJUDICE**.

### I.     BACKGROUND AND PROCEDURAL HISTORY

Plaintiff's Complaint lacks detailed factual allegations and meaningful background information. As far as the Court can discern, Plaintiff tendered a "special deposit" to Defendant Verizon Wireless ("Verizon") in an effort to satisfy and settle his account. Although Plaintiff alleges that he tendered $497.97, the exhibits to his complaint suggest that he transmitted only a $10 check. In any event, Verizon does not appear to have accepted the purported tender and subsequently issued a notice of suspension to Plaintiff. Plaintiff also wrote a letter to Defendant Hans Vestberg ("Mr. Vestberg") regarding the "special deposit," to which Mr. Vestberg did not reply. Plaintiff now asserts two claims under 41 U.S.C. § 6503 and 29 U.S.C. § 1109.

1

## II.    SUBJECT MATTER JURISDICTION

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## III.    LEGAL STANDARD

To proceed in forma pauperis under 28 U.S.C. § 1915(a), a plaintiff must file an affidavit that states all income and assets, inability to pay the filing fee, the "nature of the action," and the "belief that the [plaintiff] is entitled to redress."  28 U.S.C. § 1915(a)(1); *Glenn v. Hayman*, Civ. No. 07-112, 2007 WL 432974, at *7 (D.N.J. Jan. 30, 2007). "In making such an application, a plaintiff must state the facts concerning his or her poverty with some degree of particularity, definiteness or certainty."  *Keefe v. NJ Dep't of Corr.*, Civ. No. 18-7597, 2018 WL 2994413, at *1 (D.N.J. June 14, 2018) (quoting *Simon v. Mercer Cnty. Cmty. Coll.*, Civ. No. 10-5505, 2011 WL 551196, at *1 (D.N.J. Feb. 9, 2011)).

To guard against potential "abuse" of "cost-free access to the federal courts," 28 U.S.C. § 1915(e) empowers district courts to dismiss an IFP complaint if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards.  *See Deutsch v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995).  Indeed, the Court must dismiss any claim, prior to service, that fails to state a claim for which relief may be granted under Federal Rule of Civil Procedure 12(b)(6).  *See* 28 U.S.C. § 1915(e)(2)(B); *see also Martin v. U.S. Dep't of Homeland Sec.*, Civ. No. 17-3129, 2017 WL 3783702, at *1 (D.N.J. Aug. 30, 2017) ("Federal law requires this Court to screen Plaintiff's Complaint for *sua sponte* dismissal prior to service, and to dismiss any claim if that claim fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6).").

## IV.     DISCUSSION

### A.     IFP SCREENING

Plaintiff did not provide any information regarding his IFP application.  Instead, in his affidavit of support, he wrote "N/A" to every question, including questions about his source of income and monthly expenses.  These non-responses do not provide the Court with any information, let alone "with some degree of particularity, definiteness or certainty," to warrant permitting Plaintiff to proceed IFP.  Accordingly, the Court will **DENY** Plaintiff's IFP application.

### B.     SCREENING

Even if Plaintiff was entitled to proceed IFP, the Court will nevertheless dismiss his Complaint for failure to state a claim.  Plaintiff's first cause of action is brought under 41 U.S.C. § 6503.  That section, however, simply does not apply here.  41 U.S.C. § 6503 applies "in case of breach or violation of a representation or stipulation included in a contract under section 6502 of this title."  41 U.S.C. § 6503.  "Section 6502, in turn, governs contracts made by an agency of the United States for the manufacture or furnishing of materials, supplies, articles, or equipment in an amount exceeding $10,000."  *Bello v. Capital One Bank*, Civ. No. 20-1218, 2021 WL 3616156, at *4 (D.N.J. Aug. 16, 2021).  Even assuming Plaintiff alleged a contractual relationship between him and Verizon or Mr. Vestberg (he has not), it is clear that neither Verizon nor Mr. Vestberg is an agency of the United States.  As Plaintiff cannot plead that Verizon or Mr. Vestberg are agencies of the United Staes, this claim is futile.  *See id.*

Plaintiff's second cause of action is brought under 29 U.S.C. § 1109, which is likewise inapplicable.   That section "imposes liability on individual persons who breach their fiduciary duties with respect to employee benefit plans."  *Bricklayers and Allied Craftworkers Local 1 of PA/DE v. Penn Valley Tile, Inc.*, 175 F. Supp. 3d 487, 494 (E.D. Pa. 2016).  "Recovery under this

3

section, however, inures to the plan not an individual." *Hartman v. Wilkes-Barre Gen. Hosp.*, 237 F. Supp. 552, 557 (M.D. Pa. 2002). Insofar as Plaintiff's allegations do not relate to an employee benefit plan and are for an individual dispute, this claim will also be dismissed. Because Plaintiff's allegations are not related to an employee benefit plan, this claim is also futile.

## V.    <u>CONCLUSION</u>

For the reasons stated above, the Court will **DENY** Plaintiff's IFP Application and **DISMISS WITH PREJUDICE** his Complaint. An appropriate Order will follow.


Date: March 2, 2026

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**
